## STATE BANKING BOARD et al., Appellants,

v.

## PROPOSED HOUSTON BANK OF HOUSTON et al., Appellees.

### No. 7716.

Court of Civil Appeals of Texas, Beaumont.

Oct. 16, 1975.

John Banks, Austin, James T. Wright, Houston, for appellants.

Arthur Mitchell, Austin, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the District Court ordering the State Banking Board to grant a charter to the Proposed Houston General Bank of Houston, Texas (Proposed Bank). The State Banking Board had denied the application for a charter on two grounds, that there was "no public necessity" for the bank and "no volume of business such as to indicate a profitable operation." Six banks located in the area of the Proposed Bank intervened.

The primary point of error is that the trial court erred in entering its judgment, because the order of the State Banking Board was reasonably supported by substantial evidence. It is agreed that this case is controlled by the "substantial evidence rule." In 1963, the Supreme Court of Texas held that a portion of the Banking Code making an appeal to the District

Court a trial *de novo* under the preponderance of the evidence rule, to be unconstitutional. *Chemical Bank & Trust Company v. Falkner,* 369 S.W.2d 427 (Tex.1963). In that opinion the statements are made that the Legislature originally considered each applicant for a bank charter and passed special laws to create individual banks. That when the business of the Legislature became too great the duty of granting charters was delegated to an administrative agency. That the Legislature set some particular elements necessary to get a charter including "public necessity." The determination of "public necessity" by the State Banking Board involves a determination of public policy. That public policy is a matter of legislative discretion which cannot be constitutionally given to the judiciary. Article II, § 1 of the Constitution of Texas, providing for the separation of powers, is cited by the Supreme Court as authority for this decision.

■ In the District Court, the Proposed Bank had the burden of proving that the order of the State Banking Board denying the charter was not reasonably supported by substantial evidence. In passing upon this appeal, this court must first determine the meaning of "substantial evidence" and then consider the evidence introduced in the trial court.

Apparently the term "substantial evidence" is difficult to precisely define. We have been given certain guidelines by the Supreme Court which are somewhat helpful. In *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 441 (1946) an earlier Supreme Court opinion in *Railroad Commission v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022, 1029 (1942) is quoted in part as follows:

"Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. *This does not mean that a mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other.* After all, the court is to render justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. *The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. . . .* (Italics ours.)"

■ We have carefully considered the record as a whole, including a statement of facts containing 1,463 pages and more than 100 exhibits. The testimony of witnesses called by the Proposed Bank occupy more than half of the statement of facts and make a good case for granting a charter. Undoubtedly, that evidence would support an order by the State Banking Board granting a charter. However, that is not the situation facing this court. This statement of facts also contains the testimony of four expert witnesses called by the State Banking Board and Intervenors. There is sharp disagreement between these four witnesses on one hand and the witnesses called by the Proposed Bank on the other and as to the location and size of the primary trade area. Those differences of opinion arose over whether the Katy Freeway and the Katy Railroad tracks would act as barriers, and over the preference of people to bank at a location between them and downtown Houston. As a result of this disagreement the primary trade area would be reduced from 52,000 as urged by the Proposed Bank to 27,000 or 28,000 as contended by the State Banking Board and Intervenors. There was sharp disagreement between the witnesses on both sides as to the banking habits of residents of the area, the banking habits of the industry in the area, the picture of competition among the banks and

 

savings and loans in the area, as to the growth of the loan demand as compared to the growth of deposits in the area, and as to the amount of growth and room for growth. Using the guidelines given to us by the Supreme Court of Texas, as outlined above, there is substantial evidence in this court to support the findings made by the State Banking Board, that there is no public necessity for the Proposed Bank, and not sufficient business in the area to indicate a profitable operation for the Proposed Bank.

The judgment of the trial court is reversed and judgment is here rendered that the order of the State Banking Board denying the proposed bank charter is reinstated and affirmed.

Reversed and rendered.